UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
BERTHONY CADET, JR.,

                Plaintiff,

-against-

                              MEMORANDUM & ORDER

                              05CV4843(SLT)(LB)

EQUIFAX CREDIT SERVICES, et al.,

                Defendants.
----------------------------------------------X
TOWNES, U.S.D.J.

      The facts and procedural history underlying the instant motion for a stay are set forth in greater detail in this Court's Order dated February 10, 2006, denying plaintiff Berthony Cadet, Jr.'s ("Plaintiff") motion for a preliminary injunction, and those facts are incorporated by reference herein. (*See* February 10 Order.)

      Briefly, Plaintiff's amended complaint alleges that Equifax Credit Information Services, Experian Credit Information Services and Trans-Union Credit Information Services (collectively, the "Defendants") caused debts owed by his father, Berthony Cadet, Sr., to appear on his credit reports and prevent him from making several purchases over the last eight years and continuing today. On October 14, 2005, Defendants filed a Notice of Removal, alleging diversity of citizenship between the remaining parties and the case was assigned to this Court. On January 11, 2006, this Court denied Plaintiff's motion to remand. (January 11, 2006 Order (Docket at 14).) On February 16, 2006, Plaintiff filed (a) a motion to stay the instant action "to proceed with case as is from State Supreme Court and to enter defendants in Default Judgment Pursuant to CPLR 3215(a) in Eastern District Court;" and (b) an application for the appointment of

counsel.

## DISCUSSION

*Motion to Stay*

As stated in the January 11, 2006 Order, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the...defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). The basis for original jurisdiction in this action is 28 U.S.C. § 1332. (*See* Notice of Removal ¶¶ 8-9.) Defendants are all citizens of another state and, under Federal law, are not required to defend this action in the Supreme Court of New York. Therefore, Plaintiff cannot "proceed with case as is from Supreme Court" and his motion to stay is DENIED.

*Default Judgment*

To the extent that Plaintiff intends to seek a Default Judgment against Defendants in this Court, that request is also DENIED.

The issuance of a default judgment is considered an extreme measure. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993). "The Second Circuit has made clear its preference that 'litigation disputes be resolved on the merits, not by default.'" *Badian v. Brandaid Comm. Corp.*, 2004 WL 1933573, *2 (S.D.N.Y. Aug. 30, 2004) (*quoting Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)). When a judgment by default becomes necessary, "the court is to exercise sound judicial discretion" in determining whether it should be entered. *Id.* Many factors have been considered by the courts of the Second Circuit. One frequently cited test looks at three factors: "1) whether the defendant's default was willful; 2) whether the defendant has a meritorious defense to

plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Cablevision Sys. of New York City Corp. v. Torres*, 2003 WL 22078938 (S.D.N.Y. Sept. 9, 2003) (citations omitted) (granting motion for default where defendant failed to respond to complaint or proffer evidence in his defense and where there was no indication that any further action by plaintiff would elicit a response from defendant); *see also Baidan*, 2004 WL 1933573 at *2 (taking into account "the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt" and also examining "how harsh an effect a default judgment might have; or whether the default was caused by good-faith mistake or by excusable or inexcusable neglect on the part of the defendant").

These factors, along with the substantial procedural history of the state court action, indicate that a default judgment is not proper in this case, and Plaintiff's request is DENIED.

*Motion to Appoint Counsel*

There is no right to counsel in a civil case. *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984). Appointment of counsel, therefore, is really a misnomer in a civil case. The Court cannot compel any attorney to accept a civil case on a *pro bono* basis. *Mallard v. United States District Court*, 490 U.S. 296 (1989). However, pursuant to 28 U.S.C. § 1915(e)(1) (2003); "the court may request an attorney to represent any person unable to afford counsel."

In making this type of request, however, the Court must first consider whether the plaintiff's position is "likely to be of substance." *Ferelli v. River Manor Health Care Center*,

323 F.3d 196, 204 (2d Cir. 2003). If the claim asserted meets this threshold requirement, the Court should then consider secondary criteria, "including [plaintiff's] ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. Sargenti*, 877 F.2d 170, 172 (2d Cir. 1989).

Plaintiff's complaint does not establish the threshold requirement that his claim is "likely to be of substance" for *pro bono* counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to stay, for default judgment; and for *pro bono* counsel are each DENIED.

SO ORDERED.

SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated: February 17, 2006
Brooklyn, NY