UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERTHONY CADET JR,

                Plaintiff,

      — against —

EQUIFAX CREDIT SERVICES,
EXPERIAN CREDIT SERVICES,
TRANS-UNION CREDIT SERVICES,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM and ORDER**

05-CV-4843 (SLT)(LB)

**TOWNES, United States District Judge:**

      In March 2005, plaintiff Berthony Cadet, Jr. ("Plaintiff"), appearing *pro se*, commenced

this action in the Supreme Court of Kings County against defendants Equifax Credit Information

Services, LLC ("Equifax") s/h/a Equifax Credit Services, Experian Credit Information Services,

Inc. ("Experian") s/h/a Experian Credit Services, and Trans Union LLC ("Trans Union") s/h/a

Trans-Union Credit Services (collectively, the "Instant Defendants") and against "New York

City Child Support Services" ("Child Support Services") and the "New York City Taxation of

Finance Services" ("Department of Finance").[1]  *See* Am. Compl. ¶¶ 1-6.[2]  Plaintiff's second

amended complaint alleged that the Instant Defendants caused debts owed by his father,

Berthony Cadet, Sr., to appear on his credit reports, and asserted claims under the Federal Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, fraud, negligence, and defamation.  On June

22, 2005, the City of New York (representing defendant Child Support Services) was dismissed

from the action, and on September 20, 2005, defendant Department of Finance was dismissed

---

[1]  All five defendants will be collectively referred to as "Defendants."

[2]  Plaintiff's "Amended Amended Complaint" dated August 29, 2005 is herein referenced as the
"Am. Compl." or the second amended complaint.

from the action.

On October 14, 2005, the Instant Defendants filed a Notice of Removal, alleging diversity of citizenship between the remaining parties and the case was assigned to this Court. Thereafter, the Instant Defendants separately moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and this Court referred the motions to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). On October 10, 2007, Magistrate Judge Bloom issued a R&R in which she recommends that the Instant Defendants' motions be granted and the action be dismissed. The R&R instructs Plaintiff to file any objections to the R&R within ten (10) days of receiving it. The R&R was filed on October 10, 2007, and, to date, the Court has not received any objections. For the reasons set forth below, the R&R is adopted in its entirety, and the action is dismissed.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2007). Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, a court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record in order to accept the [magistrate judge's] recommendation." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *accord*

*Edwards v. Town of Huntington*, No. 05-CV-339, 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007); *cf. Lewis v. Berg*, No. 00-CV-1433, 2006 WL 1064174, at *2 n.8 (N.D.N.Y. Apr. 20, 2006).

Here, Plaintiff failed to file any objections, even though the R&R expressly advised him that any objections had to be filed within ten (10) days of receiving the R&R. This Court, therefore, need not review Judge Bloom's factual or legal conclusions, but has nonetheless reviewed the R&R for clear error on the face of the record. Having reviewed the record, this Court finds no clear error. Accordingly, the R&R is adopted in its entirety, and, pursuant to Fed. R. Civ. P. 56, Plaintiff's action is dismissed.

## CONCLUSION

Magistrate Judge Bloom's Report and Recommendation, dated October 10, 2007, is hereby adopted in its entirety. Therefore, the Clerk of Court is directed to enter judgment in favor of the Instant Defendants, dismissing this action.

SO ORDERED.

Dated: Brooklyn, New York
      January 18, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge